## American Central Insurance Co. v. David O. Hill et al.

1. INSURANCE—*Waiver of Proofs of Loss.*—When an insurance company undertakes to adjust and dispose of a claim without proofs of loss, and fails or declines to pay it upon other grounds than the failure to furnish such proofs, the company must be deemed to have waived the proofs of loss.

**Assumpsit,** on a policy of insurance.  Appeal from the Circuit Court of Cass County; the Hon. LYMAN LACEY, Judge, presiding.  Heard in this court at the November term, 1894.  Affirmed.  Opinion filed June 3, 1895.

A. A. LEEPER, attorney for appellant.

R. W. MILLS, attorney for appellees.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The judgment appealed from was against the appellant company in the sum of $150, being the value of a straw press or baler which was consumed by fire while covered by appellant's policy of insurance.

Proofs of loss were not furnished the appellee as a clause in the policy provided should be done.

Whether the company waived such proof is the sole question.

It appeared in the evidence without dispute that appellant's local agent, immediately after the fire, notified the company of the loss.

He so informed the appellee and the latter understood from the agent that the company would act upon the notice so given by the agent.  The company did act upon such notice.  Upon receipt thereof it referred the claim of appellee to its adjuster and directed him to examine and pay it if he found it correct.

The adjuster entered upon the duty of investigating and adjusting the claim; visited the scene of the fire, and did not pay the loss because his investigation developed facts tending, as he thought, to show that the fire was of incendiary origin.

Having voluntarily undertaken to adjust and dispose of appellee's claim without proofs of loss, and failed or declined to pay it upon other grounds than that such proofs had not been furnished, the company must be deemed to have waived proofs of loss.  7 Amer. & Eng. Ency. of Law, pp. 1054–1055 and notes.  Affirmed.